WALLACE, Senior Circuit Judge,
concurring:
I fully concur in the opinion and judgment, but I would have preferred to resolve this appeal without addressing the effect of Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), on supervisory liability in the Fourth Amendment context. This is because even under the pre-Iqbal standard described in Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir.1991), plaintiffs’ claims meet the same fate described in the panel’s opinion for substantially the same reasons. Once we strip away plaintiffs’ conclusory allegations as mandated by the section of Iqbal addressing general pleading standards, 556 U.S. at 678-79, 129 S.Ct. 1937, there are no factual allegations alleging that any of the supervisory defendants except Hunt knew or reasonably should have known that their conduct would cause others to inflict a constitutional injury. See Larez, 946 F.2d at 646.
Our court recently reasoned that it did not need to consider the debate regarding the extent to which the Ninth Circuit’s pre-Iqbal supervisory liability standard remains good law because the complaint’s allegations fell even under the old standard. Moss v. United States Secret Serv., 675 F.3d 1213, 1231 n. 6 (9th Cir.2012). Similarly, at least eight opinions from other circuit courts have explicitly recognized that Iqbal might restrict supervisory liability, but have refused to rule on the extent of the restriction when the question could be avoided. See Soto-Torres v. Fraticelli, 654 F.3d 153, 158 n. 7 (1st Cir.2011); Arqueta v. United States Immigration & Customs Enforcement, 643 F.3d 60, 70 (3d Cir.2011); Santiago v. Warminster Twp., 629 F.3d 121, 130 n. 8 (3d Cir.2010); Mink v. Knox, 613 F.3d 995, 1002 n. 5 (10th Cir.2010); Lewis v. Tripp, 604 F.3d 1221, 1227 n.3 (10th Cir.2010); Parrish v. Ball, 594 F.3d 993, 1001 n. 1 (8th Cir.2010); Bayer v. Monroe Cnty. Children & Youth Servs., 577 F.3d 186,190 n. 5 (3d Cir.2009); Maldonado v. Fontanes, 568 F.3d 263, 274 n. 7 (1st Cir.2009).
I would choose to follow an approach signaled by a prior Ninth Circuit opinion whenever we can because it makes good sense and assists us to keep our law intact. That so many other circuit opinions have also taken the same course strongly suggests that it would be a better practice to do so here. Although I do not disagree with the standard we adopt in our opinion, I would have preferred to follow the wisdom of prior circuit opinions (including our own) and resolve this case without adopting any new standard at all.